ANN DOLAN, ADMINISTRATRIX, ET AL., Respondents, v.
EDWARD C. KEHR ET AL., Appellants.

### November 16, 1880.

1. A note secured by a deed of trust was paid, but, as a protection against a judgment creditor of the maker, was, with the deed of trust, by the maker handed to A., to whom the land had been conveyed. The judgment was satisfied, but A. retained the note and gave it to B., without consideration, though he did not claim to own it. A. died seized of the land. In a proceeding by A.'s heirs to have the note and deed of trust cancelled: *held*, that there was no title in A., and that B.'s holding created no charge on the property.

2. Though the maker of the note was made a party defendant, he was a competent witness for A.'s heirs, though A., the other party to the contract, was dead.

3. The admissions of A. were competent to show how he held the note, though not made in B.'s presence.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
*Affirmed.*

PATTISON & DOOLEY, for the appellants: There was no merger. — *Atkinson* v. *Angert*, 46 Mo. 515; *Forbes* v. *Moffatt*, 18 Ves. 384; *Campbell* v. *Carter*, 14 Ill. 286; *Jarvis* v. *Frink*, 14 Ill. 396. A party to a contract who is also a party to the suit is disqualified as a witness where the other party is dead. — *Loker* v. *Davis*, 47 Mo. 141; *Granger* v. *Bassett*, 98 Mass. 467; *Lewis* v. *Weisenheim*, 1 Mo. App. 222; *Stanton* v. *Ryan*, 41 Mo. 511; *Poe* v. *Domec*, 54 Mo. 119; *Angell* v. *Hester*, 64 Mo. 142; *Bradley* v. *West*, 68 Mo. 69; *Madden* v. *Jones*, 59 Mo. 186; *Sitton* v. *Shipp*, 65 Mo. 297. The statements of the assignor made after parting with his title are inadmissible against the assignee. — *Moore* v. *Wingate*, 53 Mo. 398. The note and deed of trust in the hands of Julia Dolan created an equitable charge upon the property. — *Robinson* v. *Urquhart*, 12 N. J. Eq. 515; *Rockwell* v. *Hobby*, 2 Sandf. Ch. 9; *Griffin* v. *Griffin*, 18 N. J. Eq. 104; *Welsh* v. *Usher*, 2 Hill Ch. 167.

T. J. ROWE, for the respondents : A party to a contract and suit may be called to testify on behalf of the opposite party, though the other party to the contract be dead. — *Loker* v. *Davis*, 47 Mo. 145 ; *Poe* v. *Domec*, 54 Mo. 124 ; Rev. Stats., sects. 4010, 4012, 4016, 4017.

HAYDEN, J., delivered the opinion of the court.

This is an action in the nature of a bill in equity brought by the widow and heirs-at-law of James Dolan, for the purpose of having cancelled a note secured by a deed of trust upon real estate, on the ground that the defendants had no title to the note, and that the note has been paid. James Dolan died in May, 1876, seized in fee of the real estate upon which the note was originally secured. In January, 1872, the defendant Lunt, who then owned the real estate, had made the note and deed of trust to secure the payment of $500 which he owed. By deed of date the 10th of August, 1872, Lunt conveyed the real estate to Dolan. At the same time Lunt delivered the note and deed of trust to Dolan, for the purpose of protecting the property from a creditor of Lunt's, who held a judgment against the latter. Lunt testified to the effect that as this judgment was outstanding against him, he gave the note and the deed of trust to Dolan, who was to give the papers up as soon as the judgment was satisfied. The judgment was afterwards satisfied, and Lunt endeavored to get the note and deed of trust from Dolan. There was testimony to the effect that Dolan said in the presence of his wife that the note belonged to Lunt, and that if anything happened to him she should give the note to Lunt. Lunt made further attempts, but did not get the note. Dolan died, and the note came into the possession of Julia Dolan, one of the present defendants, and the mother of James Dolan. She testified that she got the note from her son nearly two years before his death. The circumstances under which she obtained possession of it did not appear.

We think that, upon the evidence, the question is not presented whether the right arising from the deed of trust merged in the fee-simple estate of James Dolan. As the basis of any merger, the note secured by the deed of trust must have been legally transferred to Dolan. A mere holding of the paper by Dolan, or by the defendant Julia Dolan, does not necessarily imply title. The testimony shows what this custody of the note was, and the purpose .for which the papers were given to James Dolan. He was to hold them to keep the judgment creditor off until the judgment was paid. This was the understanding. It does not appear that he ever claimed title, or claimed to be able to transfer the note to Julia Dolan. The note, too, was paid ; but when, it does not appear. The judgment, however, was satisfied, and Lunt became entitled to have the note delivered up for cancellation under the arrangement made with Dolan.

It is said that as Dolan was dead at the time of the trial, Lunt was not a competent witness to prove the transaction between himself and Dolan. The material words of the statute are : In actions where one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the other party shall not be admitted to testify in his own favor. Rev. Stats., sect. 4110. It is clear that Lunt was not here an opposite party testifying in his own favor, within the meaning of the statute. It is true that Lunt was made a defendant in the case, but he was put on the stand by the plaintiffs, the representatives of the deceased party, and he testified for and on behalf of the interest that the deceased had represented, not on his own part and against that interest. The object of the statute is to protect the estate from the inequality which would exist if the party opposed to the estate could give his version of the transaction in his own favor, not to prevent the executor or heir from enjoying the right which the statute gives to all parties, that of putting an opposite

party to the suit on the stand. It is not here any representatives of a deceased party who complain that the deceased could not testify, while the opposite party, being a party to the contract or cause of action in issue and on trial, was allowed to testify. It is the appellants who complain that the representatives of the deceased party, being the plaintiffs, were allowed to make a witness of Lunt, one of the defendants. The cases cited by the appellants are cases where the party to the suit offered to testify in his own behalf.

The statements or admissions of James Dolan were competent to prove the nature of his custody, and how he held the note and deed of trust. It was not essential that the defendant Julia Dolan should have been present when these statements were made.

It does not appear that James Dolan ever transferred the note for value to Julia Dolan, and therefore the note and deed of trust, though in her custody, created no equitable or other charge on the property. As stated, the surrounding circumstances and the fair inferences from facts directly in evidence are sufficient to explain the ordinary presumptions arising from the mere possession of the note.

The judgment is affirmed. All the judges concur.