HOOSIER PLASTICS and/or American Color Packaging Products, presently known as American Color, Inc., Appellant (Plaintiff below),

v.

WESTFIELD SAVINGS & LOAN ASSOCIATION and Floyd A. Carson, Vice-President & Director; Manson E. Church, Director; R. C. Emerich, President & Director; Roy O. Hadley, Secretary & Director; Gerald S. McMullan, Director; Carl Steele, Treasurer & Director; Russell L. Wallace, Director, Appellees (Defendants below).

No. 2–581 A 178.

Court of Appeals of Indiana, Second District.

March 23, 1982.

Charles S. Gleason, Charles Thomas Gleason, Gleason, Hay & Gleason, Indianapolis, for appellant.

Gary D. Beerbower, Church, Roberts & Beerbower, Noblesville, David J. Theising, Charles W. Linder, Jr., Linder & Taylor, Indianapolis, for appellees.

SHIELDS, Judge.

Appellant American Color Inc. initiated this action against Westfield Savings and Loan Association (Westfield) and Westfield's officers and directors in their individual capacities for breach of a mortgage contract. Following a hearing before the court, American Color's complaint was dismissed for failure to state a claim upon which relief may be granted. Ind.Rules of Procedure, Trial Rule 12(B)(6). American Color raises the following issues on appeal:

1) Whether the trial court erred in granting the motion to dismiss for failure to state a claim; and

2) Whether the trial court erred in denying American Color's motion for leave to amend its complaint after its Motion to Correct Errors had been denied.

Affirmed in part and reversed in part.

American Color and others mortgaged property in Hamilton County to Westfield Savings and Loan Association as security for an obligation evidenced by a $70,000 note. A building situated on the property was destroyed by fire on March 21, 1979. At the time of the fire $61,379.15 remained due on the obligation. Pursuant to the mortgage agreement, American Color had obtained insurance on the mortgaged property. The policy contained a standard mortgage clause making any loss payable to mortgagee Westfield "as interest may appear." It read as follows:

"7. MORTGAGE CLAUSE (not applicable in Minnesota): (Applies only to building items and is effective only when policy is made payable to a named mortgagee or trustee.)

"*Loss or damage, if any, under this policy, shall be payable to the mortgagee (or trustee), named on the first page of this policy, as interest may appear,* under all present or future mortgages upon the property herein described in which the aforesaid may have an interest as mortgagee (or trustee) in order of precedence of said mortgages, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand pay the same." (emphasis supplied)

Following the fire, the insurance company issued a draft payable to American Color, Westfield, and another mortgagee not relevant here. The attorney for American Color endorsed the names of his client and the mortgagees on the draft and placed the proceeds in trust. The trust named American Color as settlor and its attorney as trustee. Westfield objected to this action and induced the insurance company to dishonor the draft. Westfield then filed suit against American Color, the insurance company, and the other mortgagee alleging it was entitled to $61,379.15 of the insurance proceeds. The suit was dismissed when the insurance company assented to pay the proceeds to Westfield and the other mortgagee as their interests appeared.

Westfield rejected American Color's request that the insurance proceeds be utilized for restoration of the building and applied the funds to the outstanding mortgage debt. An offer was made by Westfield to negotiate a new construction loan at a higher rate of interest. American Color rejected the offer and this action ensued.

## I

According to the complaint, Westfield breached the mortgage contract when it

refused to make the insurance proceeds available for reconstruction of the damaged property. The complaint specifically cites to Uniform Covenant Five (5) of the mortgage agreement which provides:

"Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, provided such restoration or repair is economically feasible and the security of this Mortgage is not thereby impaired. If such restoration or repair is not economically feasible or if the security of this Mortgage would be impaired, the insurance proceeds shall be applied to the sums secured by this Mortgage, with the excess, if any, paid to Borrower. If the Property is abandoned by Borrower or if Borrower fails to respond to Lender within 30 days after notice by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage."

American Color characterized Westfield's alleged deliberate breach of the agreement and its offer to refinance a new construction loan at a higher interest rate as "tortious conduct." Westfield moved to dismiss the complaint on the basis it failed to state a claim upon which relief may be granted. After a hearing before the court the motion was granted.

A complaint may not be dismissed pursuant to T.R. 12(B)(6) unless it appears to a certainty on the face of the complaint that complainant is not entitled to any relief. *Parsley v. Waverly Concrete and Gravel Co.*, (1981) Ind.App., 427 N.E.2d 1. In ruling on a T.R. 12(B)(6) motion, the trial court is therefore required to view the complaint in a light most favorable to the non-movant and with every intendment in his favor. The trial judge may only look at the complaint and well pleaded material must be taken as admitted. *Anderson v. Anderson*, (1979) Ind.App., 399 N.E.2d 391.

Where, as in the present case, the mortgage agreement requires that the insurance policy contain a standard mortgage clause making any loss payable to the mortgagee "as interest may appear," the mortgagee is generally entitled to the proceeds of the policy to the extent of his mortgage debt holding the surplus for the mortgagor's benefit. *Pearson v. First National Bank of Martinsville*, (1980) Ind.App., 408 N.E.2d 166. Appleman, Insurance Law and Practice, § 3401. In reality the parties to the mortgage agreement have effected a "pre appropriation" of the proceeds to payment of the mortgage debt. It is intended the insurance proceeds will stand in place of the secured property and are in effect an equitable conversion of it. *Sureck v. United States Fidelity and Guaranty Company*, (1973 W.D.Ark.) 353 F.Supp. 807. A mortgagee named in a loss payable clause will therefore prevail over a mortgagor who wishes to use the proceeds for repair or restoration. 5A Appleman, § 3407.

However, a mortgage agreement is a contract and the mortgagee and mortgagor are free to enter into an agreement respecting the disposition of insurance proceeds in event of a loss. *Pearson; Law v. Dewoskin*, (1969) 223 Tenn. 453, 447 S.W.2d 361. The parties may agree to apply insurance money toward restoration of the destroyed property rather than to the mortgage debt. *Winneshiek Mutual Insurance Association v. Rouch*, (1965) 257 Iowa 354, 132 N.W.2d 436, 443. Annot., 11 A.L.R. 1295, (1921). Therefore, while the mortgagee is entitled to disposition of the proceeds pursuant to the loss payable clause, he may, by agreement, still have a liability over to mortgagor for the cost of repairs or restoration.

In the present case the complaint on its face alleges Westfield deliberately breached a covenant in the mortgage contract to apply any insurance proceeds to restoration of the premises. However, the complaint further acknowledged the covenant provided an exception where restoration is not economically feasible or where the security of the mortgage would be impaired, in

which case insurance proceeds are to be applied to the mortgage debt. The trial court determined the complaint alleged the building was destroyed and concluded the security of the mortgage was impaired. It thus held, as a matter of law, Westfield was entitled to apply the proceeds to the mortgage debt and granted the T.R. 12(B)(6) motion.

In rendering its decision the trial court relied on the decision of this court in *Pearson*. In that case, as in the present one, mortgagor contended mortgagee breached its contract when it refused to make fire insurance proceeds available for reconstruction of a building. The Fourth District of this Court held where mortgagee is named in a loss payable clause it will prevail over a mortgagor who desires to use the proceeds for repair and restoration. *Pearson*, however, is inapposite. The court specifically stated mortgagor failed to establish a contractual agreement to have insurance monies applied to repair and reconstruction.

Here, the existence of such a contractual agreement is alleged in the complaint. Consequently, it appears from the face of the complaint American Color may be entitled to relief.

When the trial court determined the mortgage security was impaired by the building's destruction, it erroneously ignored the restoration covenant contained in the well-pleaded mortgage agreement and thereby failed to apply the rigorous standard applicable to a T.R. 12(B)(6) motion.

Westfield, nevertheless, defends the trial court's action on the basis of an alleged failure by American Color to contest the payment of the insurance proceeds to Westfield following the dismissal of the suit by Westfield against American Color, the insurance company, and the other mortgagee.[1]

This argument is without merit. The complaint does not allege such an omission by American Color. Quite the contrary, it claims a dispute arose as to the application of the proceeds from the time payment was first tendered by the insurance company. The complaint further alleges the settlement agreement between Westfield and the insurance company whereby insurance proceeds were made payable solely to Westfield was accepted by the trial court over American Color's objection. Again, we conclude the trial court failed to employ the standards applicable to a T.R. 12(B)(6) motion.

American Color in its complaint also contends Westfield breached the mortgage contract with the knowledge and consent of its officers and directors. It apparently claims this constitutes a breach of a fiduciary duty owed by the officers and directors to all members of the Westfield Savings and Loan Association of which American Color is one. Following the 12(B)(6) hearing, the trial court also dismissed the complaint as to the officers and directors.

American Color in its brief fails to furnish this court with a cogent argument or citation of authority to support its alleged claims against the officers and directors. It has instead restricted its entire argument to issues presented by that portion of the complaint alleging a breach of contract by Westfield. Arguments advanced at trial but not raised by the parties on appeal are not subject to review. We deem the issue waived. The decision of the trial court dismissing American Color's claim against the officers and directors of Westfield Savings and Loan in their individual capacities is therefore affirmed.

## II

American Color also alleges the trial court erred in denying its Motion for Leave to File Amended Complaint for Damages. This motion was filed March 10, 1981, seven (7) days after the trial court denied American Color's motion to correct error and over four (4) months after the

---

1. The mortgage contained the following provision:

"[I]f the Borrower fails to respond to Lender within thirty (30) days after notice by Lender to Borrower that the insurance carrier offers to settle the claim ... Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage."

Judgment of Dismissal was entered in favor of the individual defendants. As a general rule, when a motion to dismiss for failure to state a claim is sustained, the complaint may be amended once as of right within ten days after service of notice of the court's order. Ind.Rules of Procedure, Trial Rule 12(A)(8). Thereafter, the pleading may be amended only by leave of court "when justice so requires." Ind.Rules of Procedure, Trial Rule 15(A). The grant or denial of leave to amend under T.R. 15(A) is a matter within the sound discretion of the trial court and is reviewable only for an abuse of discretion. *B and D Corporation v. Anderson Clayton and Company*, (1979) Ind.App., 387 N.E.2d 476. In the present case American Color fails to establish any abuse of discretion. We find no error.

Judgment of dismissal affirmed as to Westfield's officers and directors, individually; reversed as to Westfield; and cause remanded for further proceedings as to Westfield.

BUCHANAN, C. J., and SULLIVAN, J., concur.