**Linda PAUL, Plaintiff-Appellant,**

v.

**METROPOLITAN SCHOOL DISTRICT OF LAWRENCE TOWNSHIP, Defendant-Appellee.**

No. 2–583A146.

Court of Appeals of Indiana, Second District.

Oct. 31, 1983.

Richard J. Darko, Janet C. Knapp, Bayh, Tabbert & Capehart, Indianapolis, for plaintiff-appellant.

Philip A. Nicely, Lynn Brundage, Bose McKinney & Evans, Indianapolis, for defendant-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Appellant Linda Paul appeals from a decision of the Marion Circuit Court granting appellee Metropolitan School District of Lawrence Township's (School) motion to dismiss based on Paul's failure to state a claim upon which relief could be granted. We affirm.

## FACTS

Appellant was hired on March 1, 1982, by the School to take the place of another teacher who had taken a pregnancy-related leave of absence. Paul was hired with the understanding that she was to be a " 'permanent substitute' ", record at 9, to be paid thirty dollars ($30.00) a day for the first fifteen (15) days and thereafter to be paid scale according to her experience. On May 25, 1982, Paul brought suit claiming that she should have been employed as a temporary teacher rather than as a substitute. The court granted the School's motion to dismiss for Paul's failure to state a claim upon which relief could be granted. It is from that decision that Paul now appeals.

## ISSUES

Paul raises four (4) issues on appeal. However, two (2) of the issues are dispositive of the instant case. Rephrased, those issues are as follows:

1. Was the School required to employ Paul as a temporary teacher under a temporary teacher's contract rather than as a substitute teacher?

2. Did the trial court err in granting the School's motion to dismiss for failure to state a claim upon which relief could be granted?

We combine both issues for purposes of discussion.

### DISCUSSION AND DECISION

The court did not err in granting the motion to dismiss.

■ It is well settled that a complaint may not be dismissed for failure to state a claim upon which relief may be granted[1] unless it appears to a certainty on the face of the complaint that the complaining party is not entitled to any relief. *Hoosier Plastics v. Westfield Savings & Loan Association,* (1982) Ind.App., 433 N.E.2d 24, 27, *trans. denied; Suyemasa v. Myers,* (1981) Ind.App., 420 N.E.2d 1334, 1342. In ruling on a motion to dismiss for failure to state a claim, the lower court is required to view the complaint in a light most favorable to the non-moving party and with every intendment in his favor. *Hoosier Plastics,* 433 N.E.2d at 27. *Accord Roberts v. State,* (1974) 159 Ind.App. 456, 460, 307 N.E.2d 501, 503–04. The court may only look to the complaint, and well-pleaded material must be taken as admitted. *Hoosier Plastics,* 433 N.E.2d at 27. *See also Hall-Hottel Co. v. Oxford Square Co-op., Inc.,* (1983) Ind.App., 446 N.E.2d 25, 28, *trans. denied* (court must resolve all inferences in favor of non-moving party); *Pitts v. Mills,* (1975) 165 Ind.App. 646, 660, 333 N.E.2d 897, 906 (facts alleged in complaint must be taken as true). As this court has previously noted:

> "The basic purpose of a T.R. 12(B)(6) motion to dismiss is to test the legal sufficiency of the complaint to state a redressable claim. Thus, the motion is properly utilized to test the legal sufficiency of the complaint; or stated differently, to test the law of the claim, not the facts that support it. [Citations omitted.]"

*Anderson v. Anderson,* (1979) Ind.App., 399 N.E.2d 391, 406. Where it appears to a certainty from the face of the complaint that the complaining party is not entitled to any relief, we will not reverse the judgment of the lower court in granting the motion to dismiss.

■ Paul's complaint states, in part:

"6. Plaintiff was not properly employed as a substitute teacher, and should have been employed as a temporary teacher under a Temporary Teacher's Contract, pursuant to I.C. 20–6.1–4–7.

. . . .

8. Pursuant to I.C. 20–6.1–4–7, Defendant was legally required to employ Plaintiff on a Temporary Teacher's Contract for the reason that she was serving in the absence of a teacher who had been granted a leave of absence by the school corporation."

Record at 7. The thrust of Paul's argument on appeal is, in essence, that the lower court did not properly construe the provisions of Indiana Code section 20–6.1–4–7 (1976). For the reasons which follow, we cannot agree.

We initially note that the construction of a statute is a matter for the court. *See Dague v. Piper Aircraft Corp.,* (1981) Ind., 418 N.E.2d 207, 210. In construing a statute, this court will give meaning to the words used when such meaning is clear and unambiguous. *Id.* It is only where the meaning of the statute is unclear or ambiguous, or where more than one construction of the statute is possible, that we may construe the statute. *State ex rel. Southern Hills Mental Health Center, Inc. v. DuBois County,* (1983) Ind.App., 446 N.E.2d 996, 1001; *Wright v. Reuss,* (1982) Ind.App., 434 N.E.2d 925, 929; *Sue Yee Lee v. Lafayette Home Hospital,* (1980) Ind.App., 410 N.E.2d 1319, 1322–23, *trans. denied* (1981). This court will always construe a statute so as to give effect to the apparent intent of the legislature. *Dague,* 418 N.E.2d at 210; *State v. Kokomo Tube Co.,* (1981) Ind.App., 426 N.E.2d 1338, 1345. The determination of legislative intent may include consideration of all legislation *in pari materia,* legislative history, and all acts passed either before or after the statute in question. *Pruden v. Trabits,* (1977) 175 Ind.App. 219, 224, 370 N.E.2d 959, 963. We also note that

---

**1.** *See* Indiana Rules of Civil Procedure, Trial Rule 12(B)(6).

the court may not view a statute in isolation, but rather, must ascertain its effect and application by viewing it in context with the entire act. *State Board of Tax Commissioners v. Oliverius,* (1973) 156 Ind. App. 46, 50–51, 294 N.E.2d 646, 649. *Accord Dawson v. Acme Evans,* (1947) 118 Ind.App. 49, 55, 75 N.E.2d 553, 555–56, *trans. denied* (1948) (statutes must be construed together so as to harmonize and give effect to each). In the instant case, Paul contends that the use of the word "shall" in Indiana Code section 20–6.1–4–7 mandated the School to employ her pursuant to a temporary teacher's contract. While "shall" is generally considered to be a word of mandatory import, *State ex rel. Southern Hills Mental Health Center, Inc. v. DuBois County,* (1983) Ind.App., 446 N.E.2d 996, 1001; *Busam v. State,* (1983) Ind.App., 445 N.E.2d 118, 123, we must conclude that Paul's reading of the statute is incomplete.

Indiana Code section 20–6.1–4–7 (1976) states, in pertinent part:

> "(a) The temporary teacher's contract *shall be used only* for employing a teacher to serve in the absence of a teacher who has been granted a leave of absence by the school corporation for:
>
> . . . .
>
> (4) extended disability to which a licensed physician has attested.
>
> . . . .
>
> (c) If the teacher is employed on the temporary teacher's contract for a period of six (6) months or more in a school year, he may on request receive the service credit that he would otherwise enjoy with regard to the state teachers' retirement fund. [Emphasis supplied.]"

The emphasized portion of the statute represents, not words of mandate as appellant argues, but rather, words of limitation. The statute does not require that the temporary teacher's contract always be used in the enumerated instances. Rather, it merely limits the use of a temporary teacher's contract to those enumerated instances. It does not, on its face, preclude the use of other contract forms in the same situation. We note that Indiana Code section 20–6.1–4–5 (1977) states that "[e]ach teacher employed in a public school must be employed on a uniform teacher's contract, or a supplemental service teacher's contract, *except a teacher engaged as a substitute teacher.* [Emphasis supplied.]" Paul was hired as a substitute teacher. This was permitted under our statutory scheme. The school was not mandated to employ Paul pursuant to a temporary teacher's contract.[2]

Because of our construction of Indiana Code section 20–6.1–4–7, we must conclude that Paul failed to state a claim upon which relief could be granted. While we are not wholly unsympathetic to appellant's complaint, we must note that ultimately her means of relief may reside with the legislature. Accordingly, we affirm the judgment of the lower court granting the motion to dismiss.

Affirmed.

BUCHANAN, C.J., and SHIELDS, J., concur.

---

2. Our conclusion is further supported by the legislature's deletion of a six week limitation on the hiring of substitute teachers, which was included in the 1976 version of Indiana Code section 20–6.1–4–5. This would allow schools to fill vacant positions with substitutes for longer periods of time, and thereby, present an alternative to the hiring of a teacher pursuant to a temporary teacher's contract.