■ FRED PENN, Appellant, v. STANDARD ACCIDENT INSURANCE COMPANY, Respondent.— Appeal from an order of the Special Term, Albany County, dismissing the complaint. The plaintiff suffered an accidental injury to his right leg on October 1, 1951, while in the employ of an employer insured by the defendant insurance company. An award of workmen's compensation benefits was made and duly paid; weekly benefits are still being paid to the plaintiff. An ulcer formed at the site of the wound on the plaintiff's right leg, which never completely healed despite repeated periods of treatment and hospitalization. On May 22, 1952, while the plaintiff was unemployed, he fell and injured his left leg. It was claimed that the second accident was due, at least in part, to the weakness of the right leg caused by the first accident but this was controverted by the employer and the defendant insurance carrier. The left leg became gangrenous and was amputated on September 27, 1952. The right leg continued to cause trouble and, on July 7, 1953, his physician recommended hospitalization but the hospital refused to admit the plaintiff, because of the large unpaid bill growing out of the injury to the left leg, unless the insurance carrier agreed in writing to pay the prospective hospital bill. A letter guaranteeing payment was signed by the defendant carrier on July 28, 1953, and the plaintiff was admitted to the

hospital the next day. He remained in the hospital until September 21, 1953, when the ulcer seemed healed, but in December, 1953, the ulcer reoccurred and further periods of hospitalization became necessary. Finally, in June, 1954, the ulcer reopened and could not be controlled and on June 22, 1954, a mid-leg amputation was made of the right leg. It is alleged by the plaintiff that the delay in hospitalization for 21 days in July, 1953, aggravated the plaintiff's condition and made the treatment of the ulcer more difficult and ultimately resulted in the need for amputation of the right leg. The theory of the complaint is that the defendant was guilty of a breach of contract and a tort in causing the 21-day delay in the plaintiff's hospitalization. But when the complaint is read in the light of the plaintiff's own affidavits and the records of the Workmen's Compensation Board, it does not appear that any wrong was committed by the defendant. The defendant was under no duty to pay the hospital bill for the injury to the left leg until there was an adjudication of its causal connection with the compensable accident. Such an adjudication was made for the first time on March 18, 1955, by a workmen's compensation referee but an appeal was taken to the Workmen's Compensation Board and the matter was still in controversy at the time of the commencement of this action. Neither was the defendant under any legal obligation to give a written guarantee to the hospital of the payment of further bills growing out of the injury to the right leg. The defendant had paid all such bills in the past and had never disclaimed liability therefor. The giving of a guarantee was a voluntary act and no legal wrong can be charged against the defendant because of delay in giving the guarantee. In any event, the Workmen's Compensation Law provides the exclusive remedy of the plaintiff for any failure on the part of his employer or its insurance carrier to perform any of their obligations under the Workmen's Compensation Law or under the insurance policy (*Young* v. *International Paper Co.,* 282 App. Div. 750). There is no charge in this case of any affirmative negligence or other wrongdoing on the part of the defendant; the charge is solely one of nonfeasance in that the defendant failed to perform promptly its obligation under its insurance policy (*Moch Co.* v. *Rensselaer Water Co.,* 247 N. Y. 160; cf. *Matter of Parchefsky* v. *Kroll Bros.,* 267 N. Y. 410, 418). The insurance policy merely guaranteed the performance by the employer of his obligation under the Workmen's Compensation Law (Workmen's Compensation Law, § 50). The plaintiff's remedy against the insurance carrier, as well as against the employer, is solely under the Workmen's Compensation Law (Workmen's Compensation Law, § 54). Order dismissing complaint affirmed, without costs. Bergan, J. P., Coon, Halpern and Gibson, JJ., concur.