In the Matter of the Claim of JOHN WOJCIECHOWSKI, Respondent, *v.* BETHLEHEM STEEL COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, February 20, 1962.

*Cravath, Swaine & Moore* (*Allen F. Maulsby, Leonard J. Linden* and *Charles G. Moerdler* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Daniel Polansky* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Israel & Leeds* for claimant-respondent.

*Saminsky, Olin & Stern* for Dr. Abraham I. Goldner.

HERLIHY, J. The facts show that the claimant, a short time after his retirement, learned that some of his former fellow employees had been able to collect compensation for loss of hearing while exposed to industrial noises. He was directed to a firm of lawyers, who had experience in such claims, for the purpose of obtaining advice. As a result of the interview it appeared there might be a possibility of some loss of hearing. He was directed to an ear specialist for an examination which resulted in a diagnosis of severe bilateral cochlear hearing impairment and which the doctor stated was related to the industrial noises to which the claimant had been exposed. A medical report, setting forth in detail the examination and its results, was prepared by the doctor and sent to the claimant's attorneys and to the employer, together with a copy of his statement for services. Following the receipt of the report by the attorneys, a notice of claim and a copy of the report were sent to the Workmen's Compensation Board. It is the charge for this examination which is now being questioned.

The principal argument of the employer is that the employee was not authorized pursuant to section 13-a of the Workmen's Compensation Law to seek his own physician in this case. Section 49-bb makes such occupational loss of hearing an accident, which the employer has accepted and which is not on appeal.

The pertinent portions of the statutes and subdivisions bearing upon this issue are as follows:

" § 13. Treatment and care of injured employees.

" (a) The employer shall promptly provide for an injured employee such medical, surgical or other *attendance* or treatment * * * for such period as the nature of the injury or the process of recovery may require.

" § 13-a. Selection of authorized physician by employer.

" (1) An injured employee may, when *care* is required, select to treat him any physician authorized by the chairman to render medical *care*, as hereafter provided. If for any reason during the period when medical *treatment* and *care* is required, the employee wishes to transfer his treatment and care to another authorized physician, he may do so, in accordance with rules prescribed by the chairman." (Emphasis supplied.)

The employer contends that since the record disclosed there is no remedial treatment available for the condition suffered by the claimant, there is no care required and consequently the claimant was not entitled to select his own physician. The board held that the services " were in the nature of attendance or treatment and the liability * * * is the responsibility of the employer."

The Referee had previously disallowed the fee on the basis that the doctor did not timely file a preliminary notice of such injury and treatment (Workmen's Compensation Law, § 13-a, subd. [4]); that this was a claim for more than $25 under subdivision (5) of section 13-a which required prior authorization; and that the examination was solely for the purpose of evidence. The board in reversing the Referee impliedly reversed such findings.

Loss of hearing is a latent defect. In many instances the person first becomes aware of the possibility of such a condition by the inquiry " Are you hard of hearing? ". The claimant here appeared to be within that range of disability and the only possible way to determine whether such defect existed was to be examined by an ear specialist. When a loss of hearing was medically ascertained, the fact that no treatment was possible should not govern. The fact is that at the time of the examination there was a possibility of treatment. The record discloses that a dispute existed as to whether a hearing aid would be beneficial. While it is contended by the employer that such examination was conducted solely for evidentiary purposes, the only method of ascertaining if there was a loss of hearing was an examination by an ear specialist which conceivably, if such

condition was found, could result in an operation or some other form of treatment. It is not a matter of hindsight but one of foresight. Under such circumstances, it cannot be concluded that the doctor undertook the examination of the claimant solely for evidentiary purposes. Here the examination was necessary to determine (1) was the patient suffering a loss of hearing, (2) if so, what treatment, if any, would be prescribed?

The employer further asserts that the doctor failed to comply with subdivision (4) of section 13-a which requires that a physician giving treatment must furnish the employer and the board with a notice within 48 hours. The question is raised as to whether the objection was properly before the board, but in any event, the board in the interest of justice had the right to excuse noncompliance.

The employer further contends that subdivision (5) of section 13-a was not complied with because of the failure to obtain the necessary consents. This provision states in part that '' No claim for *specialist consultations, surgical operations, or physiotherapeutic procedures* costing more than twenty-five dollars shall be valid and enforceable, as against the employer, unless such *special services* shall have been authorized by the employer or by the board.'' (Italics supplied.) It does not appear from this record that the claim was for '' specialist consultations, surgical operations, or physiotherapeutic procedures ''. As indicated by the italicized portions, this section contemplates special services — services which are extraordinary to those normally rendered by the attending physician. While the doctor here involved was a specialist, he was not rendering services on a '' consultation '' basis as the term is commonly understood.

The decision of the board should be affirmed.

BERGAN, P. J., COON, REYNOLDS and TAYLOR, JJ., concur.

Decision affirmed, with costs.