■ In the Matter of the Claim of ELIZABETH MARRO, Respondent, v. SARAH COOK, Doing Business as COOK'S CONVALESCENT HOME, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

AULISI, J. Appeal by the employer and its carrier from a decision directing the carrier to provide and pay for diagnostic medical tests. Claimant, a nursing home employee, was injured April 18, 1959, while lifting a patient. Dr. Selleck diagnosed her conditions as sacroiliac sprain and hemorrhagic cystitis, both causally related to her accident. He discharged her August 20, 1960, and she then treated with Dr. Sanford until December 17, 1960. The carrier paid for all expenses. On May 27, 1962, she returned to Dr. Sanford still complaining of back pains. Unable to determine her condition, he recommended hospital tests which the board has directed the carrier to provide. On the basis of the record as developed we cannot uphold the decision. There is no evidence that claimant's present condition is causally related to her accident. The board obviously fastened upon Dr. Sanford's testimony that claimant's present symptoms were *compatible* with hemorrhagic cystitis, but this clearly was not sufficient opinion evidence to support the board's finding. In fact, Dr. Sanford testified that the symptoms were also compatible with various other diseases. Absent any present medical opinion regarding diagnosis or causal relation, we do not believe a carrier should be required to provide the medical tests to determine the condition and causal relation (see *Penn* v. *Standard Acc. Ins. Co.,* 4 A D 2d 796). A different question, of course, will be presented if the tests, when made, link claimant's condition to her employment. Decision reversed and case remitted, with costs to appellants against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Hamm, JJ., concur.