■ In the Matter of the Claim of EDWARD B. SELLECK, Respondent, v LANE CONSTRUCTION CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed August 13, 1982, which held the employer's insurer liable for payment of claimant's hospitalization and diagnostic testing expenses. Claimant, a construction worker, was at work on September 26, 1978 when he fell some 16 feet to the ground from the top of a bridge abutment. As a consequence, he sustained a cerebral concussion and multiple other injuries. Thereafter, claimant developed a variety of symptoms which rendered him totally disabled. Among the symptoms were extreme nausea, dizziness, loss of coordination, severe headaches, vision impairment and amnesia. Upon the filing of the report of injury, the employer's insurer voluntarily paid compensation benefits until February 16, 1978 when, on the basis of a report of one of the examining physicians which questioned whether claimant's disability was causally related, it ceased paying the benefits. The initial hearing was held on May 21, 1979 after which the referee found causal relation and awarded claimant total disability benefits through May 21, 1979. Upon review, the board affirmed the award through February 15, 1979 and ordered the case restored to the calendar for further medical testimony on the question of causality. Hearings were conducted in accordance with the board's direction

after which the referee determined that claimant should undergo further medical examination and testing. The board, by decisions of April 30 and August 13, 1981, affirmed and specifically authorized that claimant undergo a complete medical work-up, including any required diagnostic testing and hospitalization, with the insurer to bear the necessary expense. On appeal, the insurer contends that such examination and testing are purely for the purpose of preparing for litigation and are premature and erroneous as a matter of law in the absence of an adjudication that claimant's disability subsequent to February 15, 1979 is causally related to the accident of September 26, 1978. We disagree. Concededly, claimant, prior to the accident, was in reasonably good health for a man of his years and experienced none of the afore-mentioned symptoms which have surfaced and plagued him since the accident. Claimant's attending physician and surgeon has opined that claimant's condition was caused by this accident. Moreover, it is the fair consensus of the several other doctors who examined claimant that further diagnostic testing was necessary and, specifically, electronystagmography and ophthalmological evaluations were called for. Subdivision (a) of section 13 of the Workers' Compensation Law, in speaking to the treatment and care to be provided to injured employees, provides that the employer or its insurer shall be liable for expenses "for such period as the nature of the injury or the process of recovery may require". This court, in rejecting an employer's argument that an examination was in preparation for litigation, held the employer responsible for the cost of the examination because, as here, there was a possibility of treatment (*Matter of Wojciechowski v Bethlehem Steel Co.*, 15 AD2d 422, 424). The insurer's strong reliance upon *Matter of Marro v Cook* (22 AD2d 730) is unwarranted for it overlooks or disregards the observation that "[t]here is no evidence that claimant's present condition is causally related to her accident". Such is not the case at bar. Nor should the insurer take comfort in *Penn v Standard Acc. Ins. Co.* (4 AD2d 796). That case was not cited in *Matter of Marro v Cook* (*supra*) for the proposition that an adjudication of causal connection was required, but merely to point out that a carrier should not be required to provide the medical tests to determine the condition and causal relation "[a]*bsent any present medical opinion* regarding diagnosis or causal relation" (emphasis added) (*Matter of Marro v Cook, supra*). Moreover, *Penn* (*supra*) involved a Supreme Court action based upon an alleged contract and presented issues not relevant here. The Workers' Compensation Law is remedial in nature and should be construed as to effectuate the economic and humanitarian objectives of the act (*Matter of Merchant v Pinkerton's Inc.*, 50 NY2d 492; *Matter of Zalenski v Crucible Steel*, 91 AD2d 807). The board's decision comports with the objectives of the act and substantial evidence provides support for the conclusions that further testing of claimant is required, that claimant's condition is causally related to the accident of September 26, 1978, and that the possibility for treatment and recovery is real. Accordingly, it cannot be said that the board's decision was erroneous as a matter of law. Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.