CONNIE A. DeMARCO et al., Appellants, v FEDERAL INSURANCE COMPANY, Respondent.

Third Department, February 2, 1984

APPEARANCES OF COUNSEL

*Sanford Rosenblum* (*Jon H. Levenstein* of counsel), for appellants.

*Ainsworth, Sullivan, Tracy & Knauf* (*John E. Knauf* of counsel), for respondent.

### OPINION OF THE COURT

LEVINE, J.

In 1978, plaintiff Connie A. DeMarco suffered an accidental injury to her lower back in the course of her employment. Defendant was her employer's compensation carrier. She sought and was given an award of workers' compensation benefits. Subsequently, she and her husband brought the instant action based on allegations that defendant improperly denied her compensation benefits, deprived her of necessary medical treatment and refused to honor claims for medical services rendered her. Their complaint seeks compensatory damages for the resultant aggravation

of her back injuries, loss of credit standing, distress and her husband's derivative losses.

Defendant answered by a general denial and an affirmative defense that the Workers' Compensation Board has exclusive jurisdiction over plaintiffs' claims. Defendant then moved to dismiss for failure of the complaint to state a cause of action and because of its workers' compensation defense. Plaintiffs submitted affidavits and exhibits in opposition. Special Term discerned a possible entitlement to recovery in tort in plaintiffs' showing. Nevertheless, it read this court's decision in *Penn v Standard Acc. Ins. Co.* (4 AD2d 796) as holding that workers' compensation is the exclusive remedy in a case such as this and, on that basis, granted the motion to dismiss. This appeal ensued.

Preliminarily, we note that we are authorized freely to consider plaintiffs' affidavits and exhibits submitted in opposition to dismissal in order to determine whether they have a potentially meritorious case (*Rovello v Orofino Realty Co.,* 40 NY2d 633, 635-636). Based upon the composite of the complaint and those papers, we agree with Special Term's assessment that one or more causes of action in civil tort were spelled out. Plaintiffs' allegations describe a history of several years during which both plaintiffs' and defendant's examining physicians and psychiatrist unequivocally found a bona fide serious disc injury and that plaintiff's complaints were neither feigned nor psychosomatic. Despite such reports, defendant repeatedly refused to authorize the surgery that both sets of experts unanimously recommended. Additionally, defendant's adjustor refused to authorize payments for one of plaintiff's resultant hospitalizations, stating only that "she was not interested in details". Upon psychiatric examination, plaintiff displayed genuine depression and distress because of the disabilities claimed to have been prolonged by defendant's conduct. Ultimately, she was required to find other resources to obtain the necessary surgery. This partly alleviated her condition, but she was told by her physician that her permanent disability was more severe because of the delay.

Defendant's persistent, protracted refusal to make payments of authorized or ordered benefits, its dilatory tactics,

harassment and arbitrary rejection of requests for authorization for treatment, refusing even to entertain consideration of the justification therefor, goes significantly beyond the kind of wrongful refusal by an insurer to pay benefits constituting only a breach of the insurance contract (cf. *Halpin v Prudential Ins. Co.*, 48 NY2d 906; *John C. Supermarket, Inc. v New York Prop. Ins. Underwriting Assn.*, 60 AD2d 807). If proved at trial, these allegations could be the basis of inferences supporting recovery for intentional tort or for fraudulent breach of an insurer's duty of good faith and fair dealing (see *Board of Educ. v Farmingdale Classroom Teachers Assn.*, 38 NY2d 397, 406; *Macey v New York State Elec. & Gas Corp.*, 80 AD2d 669, 670; *Greenspan v Commercial Ins. Co.*, 57 AD2d 387, 388; 15A Couch, Insurance 2d [rev ed], § 58:3, pp 255-261).

The appeal thus reduces itself to whether plaintiffs' otherwise cognizable tort claim is precluded under the Workers' Compensation Law and, more particularly, whether this court's holding in *Penn v Standard Acc. Ins. Co.* (4 AD2d 796, *supra*) mandates that result. In *Penn,* the injured employee had received a compensation award and required rehospitalization for a related new injury. The hospital, however, refused him admittance unless the defendant carrier guaranteed payment. The plaintiff in *Penn* sued the carrier for the aggravation of his injuries resulting from a 21-day delay in giving the guarantee. We held in *Penn* that the plaintiff's pleadings and affidavits failed to establish "any affirmative negligence or other wrongdoing on the part of the defendant; the charge is solely one of nonfeasance in that the defendant failed to perform promptly its obligation under its insurance policy" (*supra,* at p 797). On that basis, it was held that the plaintiff's remedy against both the carrier and the employer was solely under the Workers' Compensation Law.

Although in the years following *Penn v Standard Acc. Ins. Co. (supra)*, extension to the insurance carrier of the Workers' Compensation Law's immunization of the employer from civil liability has been cast in doubt on the basis of statutory construction (see, generally, *Cline v Avery Abrasives*, 96 Misc 2d 258, 262-270), we need not reexamine our holding in *Penn* in order to determine that

plaintiffs are not relegated to their workers' compensation remedies here. As the previous discussion indicates, the gravamen of plaintiffs' cause of action lies in intentional tort and/or fraudulent breach of an insurer's duty of good faith and fair dealing; many of the damages claimed are clearly outside of the purview of awardable workers' compensation benefits. It was never intended that injuries thus caused were to be exclusively the province of the Workers' Compensation Board. As stated by a leading commentator, "Plainly the existence of a compensation claim does not give insurers or employers a blanket exemption from the entire law of tort" (2A Larson, Workmen's Compensation Law, § 68.34 [b]). Under a long line of New York authority, compensation benefits are not considered the exclusive remedy for intentional infliction of harm on an employee by an employer (*Jones v State of New York,* 33 NY2d 275, 279; *Leopold v Britt,* 58 AD2d 856, 857; *Lavin v Goldberg Bldg. Material Corp.,* 274 App Div 690, 691-692; *Le Pochat v Pendleton,* 187 Misc 296, 298, affd 271 App Div 964). Obviously, compensation carriers are not entitled to any greater immunity than employers for their intentional tortious acts. Accordingly, Special Term's dismissal of plaintiffs' cause of action for damages arising out of such conduct should be reversed.

The order should be reversed, on the law, with costs, and the motion denied.

MAHONEY, P. J., KANE, CASEY and WEISS, JJ., concur.

Order reversed, on the law, with costs, and motion denied.