Nicholas M. Pette, J.
Defendant, Save Way Northern Boulevard, Inc., moves for an order pursuant to rule 113 of the B-ules of Civil Practice, granting said defendant summary judgment dismissing the complaint herein, upon the ground that there is no dispute as to the material facts, and that as a matter of law plaintiff’s complaint should be dismissed.
The sole real issue herein is whether a violation of a penal ordinance regulating signs at gasoline stations enacted to protect the public against misleading price advertising and conferring no civil right or remedy expressed therein can form the basis for a damage action by a competing gasoline station dealer on the theory that defendant’s use of the words “ Save Way ”, in its signs and advertising somehow damaged plaintiff in its business. Plaintiff also seeks recovery on the claim that defendant does not have the right to sell gasoline under its own brand name, “Save Way”. The defendant hereinafter will be referred to in this decision as “ Save Way
It appears from the papers submitted on this motion that the defendant “Save Way” operates a service station on Northern Boulevard in Queens County, and it is one of 17 stations in 6 States selling “ Save Way ” gasoline, an independent brand distinguished from nationally advertised brands, such as Socony, Shell and Texaco. Plaintiff is a nearby competitor on Northern Boulevard selling a nationally advertised brand of gasoline.
It also appears that “Save Way’s” Northern Boulevard service station opened in June, 1955, and has transacted a high volume of business by reason of its proximity to major arteries of traffic and modern facilities, including 16 pumps and a large free service area; that this volume and “ Save Way’s ” policy of keeping advertising expenses at a minimum permitted it to sell “ Save Way ” gasoline at approximately 2 cents below the prevailing price of major brands of gasoline.
*242 It also appears that for over three years plaintiff and his predecessor sought to stifle said price competition; first, by instituting a mandamus proceeding against city officials to compel service of a summons on the defendant; this was withdrawn upon the city’s commencement of a criminal proceeding under section B36-103.0 of the Administrative Code of the City of New York prohibiting display of signs directly or indirectly stating the sales price of gasoline, except signs of stated size on pumps; that proceeding, begun in the Magistrates’ Courts culminated in a holding by the Court of Appeals, with a lone dissent by Fuld, J. (People v. Save Way Northern Blvd., 10 N Y 2d 727), that defendant’s trade and brand name violated the ordinance, the word “ Save ” in defendant’s name being held to refer to price within the meaning of the ordinance. Thereafter, plaintiff commenced this action for damages, in which he seeks to use that same penal ordinance as the basis for recovery of damages.
From all the papers submitted on this motion, the foregoing appear to be the undisputed facts in this case.
Stripped of the conclusory and unsubstantiated allegations of conspiracy, the complaint herein alleges an action for unfair competition based upon “ Save Way’s ” alleged violation of two sections of the Administrative Code of the City of New York, the pertinent parts of which read:
“ § B36-103.0 Placards to be posted.— a. It shall be unlawful for any person, firm or corporation to sell or offer for sale at retail for use in internal combustion engines in motor vehicles any gasoline unless such seller shall post and keep continuously posted on the individual pump or other dispensing device from which such gasoline is sold or offered for sale a sign or placard not less than seven inches in height and eight inches in width nor larger than twelve inches in height and twelve inches in width and stating clearly and legibly in numbers of uniform size the selling price or prices per gallon of such gasoline so sold or offered for sale from such pump or other dispensing device together with the name, trade name, brand, mark or symbol, and grade or quality classification, if any, of such gasoline.
‘ ‘ b. The amount of governmental tax to be collected in connection with the sale of such gasoline shall be stated on such sign or placard and separately and apart from such selling price or prices.
11 c. No sign or placard stating or referring directly or indirectly to the price or prices of gasoline other than such signs or placards as hereinabove provided shall be posted or *243 maintained on, at, near or about the premises on which said gasoline is sold or offered for sale. ’ ’
“ § B36-104.0 Fraudulent practices prohibited.— It shall be unlawful for any person, firm or corporation to sell or offer for sale gasoline or other petroleum products for use in motor vehicles at retail in any manner so as to deceive or tend to deceive the purchaser as to the price, nature, quality or identity thereof, or to sell or offer for sale from any pump, dispensing device, or container any gasoline or other petroleum products other than that gasoline or other petroleum products manufactured or distributed by the manufacturer or distributor marketing such gasoline or other petroleum products under the name, trade name, brand, symbol or mark affixed to or contained on such pump, dispensing device or container, or to substitute, mix or adulterate gasoline or other petroleum products sold or offered for sale under a name, trade name, brand, symbol or mark.”
Plaintiff’s complaint alleges his success in getting the city authorities to force defendant to limit the size of its placard and signs bearing its trade name, and urges that if defendant had not violated the ordinance, he would have done a more substantial business. However, it appears that the defendant’s substantial business is to be attributed not from the use of its signs, but rather from the fact that it undersold plaintiff.
In this court’s opinion, the violation of the sign ordinance was not designed to give a right of action to the defendant’s competitors but to protect the public against misleading signs, and the ordinance was held constitutional on that basis only.
The other basis upon which plaintiff’s complaint rests is that plaintiff was damaged by defendant’s use of its own label and brand name on gasoline purchased from others.
It is apparent that plaintiff misinterprets the section of the ordinance covering labelling. That section was clearly designed to prevent mislabelling and palming off as a nationally-advertised brand, gasoline emanating from other sources. What the ordinance prohibits, for example, is the sale by a station of Esso, Shell or Texaco gasoline which did not come from those companies, so that the gasoline so sold would be deceiving the public. It also seems clear that the ordinance does not prohibit the resale of gasoline under the retailer’s own brand name.
It also seems apparent to this court that if the labelling provision of the ordinance could be interpreted as designed to protect a class that would have a civil remedy, then that class could only consist of the major oil company or companies whose names have been misused in the sale of the gasoline. Plaintiff, *244 as a stranger to the transaction, could not conceivably have a remedy as a member of that class.
This court is of the opinion that, as the moving papers disclose, in any event, plaintiff is wholly mistaken in his contention that “ Save Way ” gasoline sold at defendant’s station was purchased from one of the major oil companies. But even if defendant were to have purchased some of its gasoline from a major refinery, its sale under a private label would not constitute a violation of the ordinance.
As this court interprets either of the sections above quoted of the Administrative Code, the offender is subject to a fine of not more than $250 or imprisonment for not over 60 days, or both (§ B36-105.0). There is nothing in the language of the ordinance to suggest that the Legislature intended to impose any additional penalties or to confer any civil right or remedy on competitors such as plaintiff. If the ordinance was intended to fix prices or was enacted for the benefit of competitors, it would be unconstitutional.
The ordinance, in fact, was upheld solely on the basis that it was designed to prevent a fraud upon the purchasing public (People v. Arlen Serv. Stations, 284 N. Y. 340, 343, discussing section B36-101.0 of the Administrative Code, the forerunner of the present ordinance).
The Court of Appeals in People v. Arlen Service Stations (supra, p. 344) stated: “ It cannot be said of this local legislation that it impairs the defendant’s freedom to determine the price at which it will sell the gasoline which it offers to the ptlblic, nor does it prohibit the defendant from advertising that price.” (Italics added.)
Thus it seems clear that the Court of Appeals, far from finding an intention in the ordinance to protect competitors from price competition, held that it did not impair the freedom to sell at a lower price.
It seems to be well settled that, ‘ ‘ A statute ‘ creates ’ no liability unless it discloses an intention express or implied that from disregard of a statutory command a liability for resultant damages shall arise ‘ which would not exist but for the statute. ’ ” (Lehman, J., in Schmidt v. Merchants Despatch Transp. Co., 270 N. Y. 287, 305.)
The foregoing rule is particularly applicable to municipal ordinances: ‘ Authority to enact municipal ordinances is ordinarily conferred to regulate and restrict, in the interests of the public, existing rights and duties and not to add to common-law duties or to create causes of action for the benefit of third *245 parties (Orr v. Baltimore & Ohio R. R. Co., 168 App. Div. 548, 550.)
The court rejected an attempt to base civil liability on violation of a city ordinance. (Sheafer v. Joseph Breen, Inc., 263 App. Div. 135, 139.)
The local ordinance here, enacted for the benefit of the public, discloses no intention, express or implied, to create a new cause of action for unfair competition, and accordingly plaintiff’s claim in that connection is insufficient as a matter of law and must be dismissed.
Since it is apparent that the ordinance relied on by the plaintiff was not intended to create any new civil right or remedy, and even assuming such an intent could be implied, it would avail plaintiff nothing, as he is not within the class of persons intended to be protected. (Di Caprio v. New York Cent. R. R. Co., 231 N. Y. 94; Lang v. New York Cent. R. R. Co., 227 N. Y. 507; De Sessa v. City of White Plains, 30 Misc 2d 817; see, also, Major v. Waverly & Ogden, 8 A D 2d 380 [2d Dept.], affd. 7 N Y 2d 332.)
Cases dealing with ordinances and statutes, in which both the public and particular classes of individuals are obviously intended to be protected, are not pertinent here.
There are statutes which authorize civil actions by competitors who are members of the class sought to be protected, but in the case at bar we are dealing with an ordinance enacted to protect the public, as the Court of Appeals has held, providing an express penalty and enforcement. To infer civil liability on behalf of a competitor under such circumstances would open the door to a multitude of civil claims by competitiors under diverse legislation.
Ordinances and statutes for the special benefit of competitors have consistently been held unconstitutional. (People ex rel. Moskowitz v. Jenkins, 202 N. Y. 53, citing cases; Good Humor Corp. v. City of New York, 264 App. Div. 620 [2d Dept.], affd. 290 N. Y. 312; People ex rel. Bunis v. Simmers, 13 Misc 2d 1097.)
Defendant’s motion dismissing the complaint and for summary judgment must be granted because the ordinance upon which plaintiff rests his claim was not designed to fix prices or protect competitors, but rather to protect the gasoline-purchasing public against fraud; and it is well settled that only when a penal statute, expressly or by implication, is designed to protect a class, may it serve as a basis for relief in a civil action, and then only in suits brought by members of that class. The Court of Appeals in upholding the constitutionality of the ordinance herein has made it clear that it was upheld because the ordinance, *246 was designed to protect the purchasing public from fraud, and were the ordinance intended to restrict competition or fix prices, it would be unconstitutional.
Defendant’s motion dismissing the complaint and for summary judgment in its favor and against the plaintiff is granted.