Rosa L. Coley, Appellant, v Arnot Ogden Memorial Hospital, Respondent.

Third Department, February 28, 1985

### APPEARANCES OF COUNSEL

*Ziff, Weiermiller, Learned & Hayden (Scott J. Learned* of counsel), for appellant.

*Sayles, Evans, Brayton, Palmer & Tifft (Edward B. Hoffman* of counsel), for respondent.

MAIN, J. P.

Plaintiff was injured during the course of her employment with defendant when a ladder on which she was standing collapsed. Defendant's employees determined that the ladder was unsafe and discarded it. Plaintiff was thereby prevented from discovering the manufacturer or distributor of the ladder and, thus, could not bring an action alleging a defect in the ladder against such parties. As a result, plaintiff was effectively limited to recovering workers' compensation benefits. Plaintiff thereafter commenced this action alleging, *inter alia,* negligence, prima facie tort and a violation of Penal Law § 215.40 (tampering with physical evidence). After defendant moved for summary judgment, Special Term granted the motion and dismissed the complaint. From the judgment entered thereon, plaintiff appeals. We note that although the complaint alleges seven causes of action, only the three enumerated above are addressed by plaintiff on this appeal and we limit our consideration accordingly.

To resolve this matter, we must first decide whether plaintiff's complaint is barred by the exclusivity provision of the Workers' Compensation Law (Workers' Compensation Law § 11) and, if not, then determine whether the common-law tort actions alleged are sufficient to withstand defendant's motion for summary judgment.

■ In response to the first inquiry, the Workers' Compensation Law establishes the exclusive remedy for the work-related physical injuries of an employee (Workers' Compensation Law § 11; *Burlew v American Mut. Ins. Co.,* 99 AD2d 11, 14, *lv denied* 63 NY2d 601, 672). The Workers' Compensation Law, however, does not preclude actions by an employee against a third-party tort-feasor (Workers' Compensation Law § 29 [1]; *Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152, 160). Furthermore, an employee can maintain a common-law action against the employer if such suit is based, not upon the compensable injury itself, but on a different distinct injury resulting from the impairment of the employee's legal rights to workers' compensation benefits (*see, Wojcik v Aluminum Co. of Am.,* 18 Misc 2d 740; *see also, Flamm v Bethlehem Steel Co.,* 18 Misc 2d 154, *affd* 10 AD2d 881; 2A Larson, Workmen's Compensation § 68.32 [b] [1983]). Other jurisdictions have also recognized a cause of action against the employer for such a distinct injury when premised upon the employer's impairment of an employee's legal right to sue a third-party tort-feasor (*see, Pirocchi v Liberty*

*Mut. Ins. Co.,* 365 F Supp 277; *see also,* 2A Larson, Workmen's Compensation § 68.32 [b] [1983]). In light of these recognized principles, we are of the view that the exclusivity provision of the Workers' Compensation Law should not bar a common-law action against the employer for impairing an employee's right to sue a third-party tort-feasor. Common-law actions for employers' torts outside the scope of the Workers' Compensation Law should not be prohibited by said law (*see, DeMarco v Federal Ins. Co.,* 99 AD2d 114, 117). Accordingly, we conclude, contrary to Special Term's assessment of this issue, that plaintiff can pursue common-law causes of action against defendant despite having accepted workers' compensation benefits.

■ We do, however, agree with Special Term's determination that plaintiff's causes of action are without merit and should be dismissed. We are unable to identify any duty owed by defendant to plaintiff with regard to the safekeeping of the ladder. The record reveals no promise by defendant or its employees to inspect or safeguard the ladder for plaintiff's benefit, thereby distinguishing this case from *Pirocchi v Liberty Mut. Ins. Co.* (*supra*), in which a duty arose by the employer's voluntary agreement with the plaintiff to inspect and safeguard the metal chair from which the plaintiff fell. Indeed, it appears from the record in this case that defendant's employees' inspection of the ladder and decision to discard it was motivated solely to ensure the safety of others employed by defendant.

We are also unpersuaded by plaintiff's allegations of a violation of Penal Law § 215.40. This statute makes criminal, *inter alia,* the destruction of physical evidence if one believes that the evidence is about to be used in a prospective official proceeding and intends that such use be prevented. As noted above, the record indicates that the destruction of the ladder was innocent and designed to ensure the safety of defendant's employees; there is nothing to support the conclusion that defendant's employees intended to prevent the use of the ladder in an official proceeding. In any event, it appears that Penal Law § 215.40 was enacted to protect the courts, our system of justice and society in general rather than to benefit any specific class, and, therefore, plaintiff cannot seek civil redress thereunder (*see, Brody v Save Way N. Blvd.,* 37 Misc 2d 240, 245, *revd* 19 AD2d 714, *revd on dissenting opn below* 14 NY2d 576; *cf. Boruski v Stewart,* 381 F Supp 529, 534).

Finally, as indicated above, defendant's employees destroyed the ladder to ensure that no one else would be injured by using it. This fact indicates that malevolence was not the sole motive

for defendant's act and precludes recovery by plaintiff under the theory of prima facie tort (*see, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333; *see also,* 59 NY Jur, Torts, §§ 25, 32, at 143, 153 [1968]).

WEISS, MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment affirmed, without costs.