■ ARNOT OGDEN MEMORIAL HOSPITAL, Respondent, v UNIGARD MUTUAL INSURANCE COMPANY, Appellant.—Levine, J. Appeal (1) from an order of the Supreme Court (Bryant, J.), entered January 10, 1986 in Chemung County, which, *inter alia,* granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

Plaintiff commenced the instant suit seeking recovery against defendant, its workers' compensation and employer's liability carrier, for certain counsel fees expended by plaintiff in defending an action instituted against it by an employee. The employee, Rosa Coley, had fallen from a stepladder while in the course of her employment with plaintiff and sustained

personal injuries. She applied for and received workers' compensation benefits which were paid for by defendant pursuant to the terms of its insurance contract with plaintiff. Subsequently, plaintiff discarded the stepladder from which Coley had fallen, all others like it, and all records from which the name of the manufacturer or distributor of the stepladders could be ascertained. Coley commenced suit against plaintiff alleging, *inter alia,* that she had been deprived of a potential recovery for her injuries as a result of plaintiff's negligence in discarding the stepladder without determining the names of the manufacturer or distributor; Coley sought recovery for the "resulting damages".

Coverage A of plaintiff's insurance policy with defendant provided for defendant's payment of workers' compensation benefits. Coverage B provided for defendant's payment of "all sums the insured shall become legally obligated to pay as damages because of bodily injury by accident or disease * * * sustained * * * by an employee * * * in the course of his employment". The policy also obligated defendant to defend "any proceeding against the insured seeking such benefits and any suit against the insured alleging such injury and seeking damages on account thereof, even if such proceeding or suit is groundless, false, or fraudulent". Plaintiff forwarded the summons and complaint in the Coley action to defendant and requested that it defend the action. Defendant refused to do so, disclaiming any liability under the foregoing provisions of coverage B of the policy on the ground that Coley's complaint alleged impairment of her right to bring suit against the manufacturer, and not personal injuries resulting from an accident. Defendant also relied upon a policy exclusion whereby its obligation to indemnify plaintiff for a claim under coverage B is barred by payments of workers' compensation to the same claimant under coverage A.

Plaintiff retained separate counsel to defend the Coley action and successfully moved for summary judgment. On appeal, this court affirmed, holding that Coley's cause of action was for plaintiff's tortious impairment of her right to sue a third-party tort-feasor, which did not lie because of the absence of proof of any legal duty on plaintiff's part with regard to safeguarding the stepladder *(Coley v Arnot Ogden Mem. Hosp.,* 107 AD2d 67). Plaintiff then commenced the instant suit seeking reimbursement from defendant for its counsel fees, and was granted summary judgment for that relief. This appeal by defendant ensued. We now affirm.

As conceded by the parties, defendant's obligation to defend

against claims specified in plaintiff's insurance policy is broader than its obligation to indemnify for actual liability *(see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310; *Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875, 876-877). In disclaiming its duty to defend, defendant had the burden of establishing that, as a matter of law, there was "no possible factual or legal basis on which [defendant] might eventually be held to be obligated to indemnify [plaintiff] under any provision of the insurance policy" *(Spoor-Lasher Co. v Aetna Cas. & Sur. Co., supra,* at 876; *see also, International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325). The scope of an insurer's duty to defend an action is determined by examining the allegations of the complaint *(Seaboard Sur. Co. v Gillette Co., supra; International Paper Co. v Continental Cas. Co., supra).* If Coley's complaint alleged any facts or grounds therein which could have brought her action within the terms of the policy's protections, defendant's duty to defend attached regardless of the meritoriousness of the claim *(see, supra).* Thus, the duty to defend is not measured by whether the injured party can maintain an action against the insured, but whether the allegations of the complaint can rationally be found to bring the injury sustained within the coverage of the insured's policy *(Seaboard Sur. Co. v Gillette Co., supra).*

Under the foregoing authorities, that Coley's claim was eventually determined to consist in a claim for the impairment of her legal right to sue a third-party tort-feasor, thus falling outside the provisions of plaintiff's insurance policy, is not dispositive as to defendant's obligation to defend the suit. To the contrary, Coley's first cause of action necessarily included as an element thereof allegations that she incurred personal injuries from her fall. Moreover, her damages in that cause of action were necessarily measured by the damages for the same injuries for which she claimed she was deprived of recovery by reason of plaintiff's acts. Thus, Coley's pleading could rationally be construed as one to impose liability on plaintiff "because of", i.e., arising out of, "injury by accident" sustained within the course of her employment, thus falling within coverage B.

Additionally, the above-stated allegations of Coley's complaint also brought the suit squarely within the provisions of the policy which obligated defendant to defend any proceeding *alleging personal injuries* sustained in the course of employment and *seeking damages on account thereof.*

Furthermore, also contrary to defendant's contention, the exclusionary provision in the insurance policy relied upon by

defendant and relating to the payment of workers' compensation benefits did not relieve defendant of its duty to defend. Defendant was required to demonstrate that Coley's allegations fell solely and entirely within the exclusion in order to be relieved of its obligation to defend *(see, International Paper Co. v Continental Cas. Co., supra,* at 325). As this court's prior decision demonstrates, Coley's cause of action against plaintiff was not identical to the claim for which she received workers' compensation benefits.

Order and judgment affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.