*584 OPINION OF THE COURT
Edward H. Lehner, J.
Before the court is a motion by defendant Jandous Electric Company (Jandous) for summary judgment dismissing the complaint as well as all cross claims and counterclaims against it, and cross motions by plaintiffs for leave to bring direct actions against the New York City Transit Authority (the Authority).
These actions were brought to recover for on-the-job injuries sustained by two Authority employees as a result of an explosion in the subway. In its papers Jandous notes that the electrical work it performed was on the southbound tracks of the IRT Lexington Avenue line south of the 14th Street station, whereas the explosion occurred on the northbound tracks just north of that station. It further offers various explanations why it could not have been the cause of the explosion.
Although part of the opposition to the Jandous motion is a claim that additional discovery is needed, the court finds that plaintiffs have had sufficient opportunity to conduct discovery with respect to this 1983 incident. Moreover, the opposing affidavit does not specify what additional information is necessary to oppose this motion.
In its prior decision dismissing claims against other codefendants, the court noted the speculative nature of the assertion of plaintiffs’ counsel that the "most logical explanation of the accident is that one of the contractors’ tools struck the live third rail causing a short at the scene and an explosion at 14th Street”. In opposing this motion, plaintiffs submit an affidavit of an electrical engineer in which he states: "at the present time I can state with a reasonable degree of engineering certainty that it is possible that if any of the above mentioned contractors accidentally or intentionally caused a conducting object such as a metal tool to come in contact with the third rail — that this contact could have caused a short circuit and the blowing out of the feeder protection box some 1,000 feet away. I would state further, that if there is no other explanation for the explosion — that the most likely explanation would be a metal object caused by work performed by one of these contractors coming in contact with the third rail approximately 1,000 feet south of the site of the explosion. I also understand at the present time there is no other explanation for the explosion”.
*585 Since such an opinion would not justify the court submitting to a jury a claim of negligence as to any particular defendant, the motion of Jandous for summary judgment is in all respects granted, and the clerk may enter judgment accordingly, severing the action as to other defendants.
In its application for leave to bring a direct claim against the Authority, plaintiffs have submitted a proposed pleading asserting that: in 1970 an entity, T. Frederick Jackson, Inc. (Jackson), negligently installed a feederbox in the vicinity of the northbound tracks north of the 14th Lexington Avenue station; such negligence resulted in an explosion in July 1983 injuring plaintiffs; an Authority Board of Inquiry (the Board) identified Jackson as a party totally or partially responsible for the 1983 explosion; the Authority was under court order to turn over to plaintiffs any information within its possession concerning entities that might be responsible for the explosion; that the Authority intentionally withheld the Board’s • minutes from plaintiffs and the identity of Jackson as a party at least partially responsible for the explosion; the Statute of Limitations against Jackson expired on July 29, 1986, three years after the accident; and the conduct of the Authority deprived plaintiffs of the opportunity to seek a recovery from Jackson.
Plaintiffs claim that the failure of the Authority to turn over to them the information with respect to potential culpable conduct on the part of Jackson constituted a prima facie tort, negligence and fraud, and seek recovery against the Authority notwithstanding the fact that they were employees of the Authority, and the defense of workers’ compensation as the sole remedy would otherwise be available.
On the authority of Coley v Arnot Ogden Mem. Hosp. (107 AD2d 67 [3d Dept 1985]), plaintiffs are granted leave to serve complaints against the Authority to the extent indicated below.
In the Coley case the plaintiff was injured in the course of her employment when a ladder on which she was standing collapsed. Her employer discarded the ladder and thus prevented her from discovering the name of the manufacturer or distributor. Consequently, she could not ascertain a proper party to sue as a result of the defective ladder, and was limited to recovering workers’ compensation benefits. In holding that plaintiff could pursue common-law remedies against her employer despite having accepted workers’ compensation *586 benefits, the court said (supra, at 68-69): "an employee can maintain a common-law action against the employer if such suit is based, not upon the compensable injury itself, but on a different distinct injury resulting from the impairment of the employee’s legal rights to workers’ compensation benefits (see, Wojcik v Aluminum Co. of Am., 18 Misc 2d 740; see also, Flamm v Bethlehem Steel Co., 18 Misc 2d 154, affd 10 AD2d 881; 2A Larson, Workmen’s Compensation § 68.32 [b] [1983]). Other jurisdictions have also recognized a cause of action against the employer for such a distinct injury when premised upon the employer’s impairment of an employee’s legal right to sue a third-party tort-feasor (see, Pirocchi v Liberty Mut. Ins. Co., 365 F Supp 277; see also, 2A Larson, Workmen’s Compensation § 68.32 [b] [1983]). In light of these recognized principles, we are of the view that the exclusivity provision of the Workers’ Compensation Law should not bar a common-law action against the employer for impairing an employee’s right to sue a third-party tort-feasor. Common-law actions for employers’ torts outside the scope of the Workers’ Compensation Law should not be prohibited by said law (see, DeMarco v Federal Ins. Co., 99 AD2d 114, 117).”
Notwithstanding such ruling, the complaint was dismissed due to a lack of merit. The court held that the employer owed no duty to plaintiff with regard to the safekeeping of the ladder, and the destruction thereof was innocent and designed to ensure the safety of other employees. With respect to the claim for prima facie tort, malevolence was found not to be the sole motive for the employer’s acts..
Similar to the claim in Coley (supra), the proposed cause of action for prima facie tort cannot stand for it does not allege that the Authority’s "sole motivation was 'disinterested malevolence.’ ” (Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 333 [1983]; see also, Curiano v Suozzi, 63 NY2d 113, 117 [1984].)
The claim in fraud is also insufficient as a matter of law in that it fails to allege that the intentional withholding of the identity of Jackson was done with the intent to deceive or harm plaintiffs. (See, Orbit Holding Corp. v Anthony Hotel Corp., 121 AD2d 311 [1st Dept 1986].)
However, the allegation of a negligent or intentional failure to disclose the name of the entity that the Board found was partially at fault in causing the explosion does set forth a cause of action, and if plaintiffs can establish: that they were *587 harmed by such failure; that in fact there was an obligation to disclose; that they acted diligently in seeking to learn of the Board’s findings or otherwise learn of the possible responsibility of Jackson; that Jackson was negligent; and that its negligence was a proximate cause of the explosion, then plaintiffs would have established a "distinct injury * * * for impairing an employee’s right to sue a third-party tort-feasor”, and the workers’ compensation defense would not be a bar. (Coley v Arnot Ogden Mem. Hosp., supra, at 68-69.)
At oral argument, the Authority indicated that they were not claiming a Statute of Limitations defense with respect to the claims sought to be asserted against it. .
In conclusion, plaintiffs are granted leave to serve direct complaints against the Authority in accordance with the foregoing within 20 days of service of a copy of this order. All other relief requested by plaintiffs is denied.