Charles K. MURPHY, Appellant–
Plaintiff,

v.

TARGET PRODUCTS; Federal Mogul
Corporation; C.A. Stephan, Inc.; and
SPN Dismantling, Inc., Appellees–De-
fendants.

No. 56A03–9009–CV–398.

Court of Appeals of Indiana,
Third District.

Oct. 29, 1991.

Rehearing Denied Jan. 16, 1992.

Saul I. Ruman, David W. Holub, David
M. Hamacher, Ruman, Clements & Tobin,
P.C., Hammond, for appellant-plaintiff.

Burton M. Harris, Locke Reynolds Boyd
& Weisell, Indianapolis, for appellees-de-
fendants.

GARRARD, Judge.

Charles Murphy (Murphy) filed a two
count complaint on March 23, 1989. In
count one he sought to recover from Feder-
al Mogul Corporation and Target Products
Division as manufacturers or sellers of a
defective power saw, under products liabili-
ty law, alleging defective manufacture or
design. In count two he alleged that C.A.
Stephan, Inc. was strictly liable for selling
or repairing a defective product. Murphy
also requested jury trial.

Defendants answered, asserted affirma-
tive defenses, and requested a jury trial.

On October 13, 1989 Murphy moved for
leave to add as a defendant SPN Disman-
tling (hereinafter referred to as SPN) and
to file an amended complaint. His motion
was granted and his amended complaint
was identical to the first except that it
added a third count against SPN for spolia-
tion of evidence arising out of SPN's al-
leged intentional or negligent failure to
preserve the product in question.

On December 21, 1989 SPN moved to
dismiss pursuant to Trial Rule 12(B)(6) for
failure to state a claim upon which relief
can be granted. Hearing was had and on
May 10, 1990 the court sustained SPN's
motion.

On May 16, 1990 SPN's motion for entry
of final judgment pursuant to Trial Rule
54(B) was granted.

Murphy, without exercising his right to
amend his complaint, appealed the dismis-
sal of his cause of action against SPN.

The standard for appellate review in
cases that have been dismissed under Trial
Rule 12(B)(6) is well established. The facts
alleged in the complaint are to be taken as

true and only where it appears that under no set of facts could plaintiff be granted relief is the dismissal of the complaint appropriate. *Thiele v. Ind. Dept. of Highways* (1985), Ind.App., 472 N.E.2d 1274, 1275. Material facts must be well pleaded to be taken as admitted. *Anderson v. Anderson* (1979), Ind.App., 399 N.E.2d 391, 406.

A complaint may not be dismissed for failure to state a claim upon which relief may be granted unless it appears to a certainty on the face of the complaint that the complaining party is not entitled to any relief.

*Hoosier Plastics v. Westfield Savings & Loan Assoc.* (1982), Ind.App., 433 N.E.2d 24, 27. In ruling, the lower court is to view the complaint in a light most favorable to the non-moving party and with every meaning in his favor. *Hoosier, supra,* 433 N.E.2d at 27. The motion is a proper test of the law of the claim. *Anderson, supra,* 399 N.E.2d at 406.

Where it appears to a certainty from the face of the complaint that the complaining party is not entitled to any relief, we will not reverse the judgment of the lower court in granting the motion to dismiss.

*Paul v. Metropolitan Sch. Dist. of Lawrence Twp.* (1983), Ind.App., 455 N.E.2d 411, 412. *See also* Harvey, *Indiana Practice,* Vol. 1 § 12.10 at p. 109.

### Discussion

Murphy argues that Indiana ought to recognize his claims of tortious interference with a person's prospective or actual civil litigation by the intentional or negligent spoliation of potential evidence. He implicitly acknowledges that Indiana has not heretofore recognized this specific tort claim.

The issue in this case can be stated as whether an employee may maintain an action against his employer asserting tortious interference with that employee's prospective products liability claim against a third party due to the intentional or negligent spoliation of potential evidence.

We note that Murphy's complaint alleges in the alternative both intentional and negligent conduct on the part of SPN. Under Indiana law, to state a claim in negligence, Murphy must address in his pleading the tort's three essential elements. These are: (1) a duty on the part of SPN in relation to Murphy; (2) failure of SPN to conform its conduct to the standard of care necessitated by the duty; and (3) injury suffered by Murphy as a proximate result of the failure. *Dibortolo v. Metro. Sch. Dist. of Washington* (1982), Ind.App., 440 N.E.2d 506, 509; *citing Miller v. Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701.

No transformation of the name of the tort can alter the requirement that all of the elements be addressed. It matters not whether Murphy labeled his complaint negligent interference with a prospective economic advantage, negligent spoliation of evidence, or simply a plain variety of common law negligence, the complaint must set out allegations of fact that if true would support each element of negligence.

■ SPN's conduct will give rise to a viable action in tort only if it owed a duty to Murphy to conform its actions to a standard of reasonable care. The existence of such a duty is a question of law. *Bearman v. University of Notre Dame* (1983), Ind.App., 453 N.E.2d 1196, 1198.

■ Did SPN, as Murphy's employer, have a duty to preserve potential evidence for the benefit of Murphy in his potential third party products liability suit? A legal duty may generally arise in a relationship between two parties after considering the nature of the relationship, a party's knowledge, and the circumstances surrounding the relationship. *Lawson v. Howmet Aluminum Corp.* (1983), Ind.App., 449 N.E.2d 1172, 1177. As a general rule, the courts considering this question have found that absent some special relationship or duty

arising by way of an agreement,[1] contract,[2] statute,[3] an independent tort,[4] or other special circumstance, there is no duty owed by an employer to an employee to preserve possible evidence for the employee to aid that person in some future legal action against a third party. *Panich v. Iron Wood Products Corp.* (1989), 179 Mich. App. 136, 445 N.W.2d 795, 797, *citing Koplin v. Rosel Well Perforators, Inc.* (1987), 241 Kan. 206, 734 P.2d 1177, 70 A.L.R.4th 973; *Coley v. Arnot Ogden Mem. Hosp.* (1985), 107 A.D.2d 67, 485 N.Y.S.2d 876; *Parker v. Thyssen Mining Const., Inc.* (Ala.1983), 428 So.2d 615; *Stupka v. Peoples Cab Co.*, 1970, 437 Pa. 509, 264 A.2d 373.

In *Coley, supra,* the plaintiff was injured by falling from a ladder while on the job. The ladder was discarded by other employees of the employer defendant. The injured employee alleged that failure to preserve the ladder precluded discovery of the name of the manufacturer thereby foreclosing a potential products liability action. In affirming the trial court's dismissal, the New York court was unable to identify any duty owed by the defendants to the plaintiff with regard to the safekeeping of the ladder. The record revealed no promise by the defendant or its employees to inspect or safeguard the ladder for the plaintiff's benefit. · *Coley, supra,* 107 A.D.2d at 69, 485 N.Y.S.2d 876. The defendant had not assumed an obligation to preserve the ladder. *Id.* In *Parker, supra,* the Alabama Supreme Court was also unable to ascertain any common-law duty on the part of an employer, owed to an employee, to preserve evidence for that employee's potential civil litigation against a third party. The plaintiff there alleged that his employer had negligently collected samples of a wall that had collapsed and injured plaintiff. The Alabama court affirmed summary judgment against the plaintiff. *See Parker, supra,* 428 So.2d at 615. In *Panich, supra,* the Michigan Court of Appeals held that there was "no common law duty owed by an employer to preserve evidence for an employee's potential third party action." *Panich, supra,* 445 N.W.2d at 797. There the plaintiff had not requested that the defendant save the evidence nor had the defendant assumed an obligation to preserve the evidence and additionally, there was no allegation that plaintiff had advised the defendant of his intent to file a third party claim until after the evidence had been discarded. *Id.*

Murphy alternatively alleged SPN intentionally failed to preserve the saw. Only two jurisdictions have recognized the tort of intentional interference with a prospective civil action by spoliation of evidence. *Smith v. Superior Ct.* (1984), 151 Cal. App.3d 491, 198 Cal.Rptr. 829; and *Hazen v. Municipality of Anchorage* (Alaska

---

1. *See Pirocchi v. Liberty Mutual Ins. Co.* (E.D.Pa. 1973), 365 F.Supp. 277 (Federal court interpreting Pennsylvania law in action for negligent failure to preserve evidence. An insurance claims adjuster took possession of the evidence [a chair] for the expressed purpose of investigating third party action.)

2. *See Miller v. Allstate Ins. Co.* (Fla.App.1990), 573 So.2d 24. (An oral contract that was not in dispute. The parties had agreed to allow Allstate to hold the evidence [a car] to prepare to defend an action by plaintiff's passenger. In exchange Allstate promised to preserve the car and make it available for inspection by the plaintiff's expert in contemplation of a products liability action against the auto manufacturer. Allstate salvaged the car and it was destroyed.)

3. *See Bondu v. Gurvich* (Fla.App.1984), 473 So.2d 1307, *reh. denied* (Fla.1986), 484 So.2d 7. (Hospital failed to preserve records. The court held that the hospital had a statutory duty to preserve records and let stand the negligence claim under a breach of statutory duty.)

4. *See Hazen v. Municipality of Anchorage* (Alaska 1986), 718 P.2d 456. (Plaintiff brought action against arresting police officers. She alleged intentional interference with a prospective civil advantage by spoliation of evidence. A tape recording of the plaintiff, taken by the police just prior to her arrest, was subsequently rendered inaudible. She claimed the tape contained exculpatory material. The court allowed her action.) *See also Smith v. Superior Court* (1984), 151 Cal.App.3d 491, 198 Cal.Rptr. 829. (Plaintiff was injured when a rear wheel and tire fell off of a van. Seller of the wheel took possession of the wheel and agreed to hold it for later use in an action against themselves and others in a products liability claim. The wheel was subsequently lost or destroyed.) In both of these cases the evidence was lost or destroyed by the potential adverse party.

1986), 718 P.2d 456. *See Panich, supra.* The *Smith* court, with the *Hazen* court following suit, analogized the action to that of intentional interference with a prospective economic advantage, which was recognized in California. Those cases have been distinguished from others like the one at bar. *See Koplin v. Rosel Well Perforators, Inc.* (1987), 241 Kan. 206, 734 P.2d 1177, 70 A.L.R.4th 973. In both cases the evidence was lost or destroyed by *the adverse party* in the pending or potential litigation. *Id.* Furthermore, in *Smith* an agreement between the parties was said to create a duty on the part of the adverse party to preserve the evidence.

■ Carefully considering the issue, we conclude that in Indiana there is no common law duty on the part of an employer to preserve, for an employee, potential evidence in an employee's possible third party action. We therefore hold that at least in the absence of an independent tort, contract, agreement, or special relationship imposing a duty to the particular claimant, the claim of negligent or intentional interference with a person's prospective or actual civil litigation by the spoliation of evidence is not and ought not be recognized in Indiana. *See Koplin, supra.*

Our position is supported by our examination of two other areas of Indiana law. The first is the law dealing with the unavailability of civil actions for damages against adverse witnesses on the grounds that their testimony was false. *See Meier v. Pearlman* (1980), Ind.App., 401 N.E.2d 31, 36, *citing Hermon v. Jobes* (1935), 209 Ind. 196, 198 N.E. 316. The policy underlying these decisions is that the courts should not encourage continuous litigation. To hold non-parties liable to parties because of the quantity or quality of the parties' evidence would foster continuous litigation.

Secondly, Trial Rule 34(C) applies to discoverable evidence in the possession of non-parties. It is the required subpoena that serves to put the non-party on notice that they have something that is required in a civil action. Prior to receiving a request as contemplated under this rule, the non-party ought to have no legal concerns about potential evidence in his possession, absent any promises, contracts, statutes or special circumstance.

Our examination of the pleading in the case at bar fails to reveal any allegations of fact that would support an independent tort, contract, agreement, or special relationship between the parties. SPN owed no duty to him to preserve for his benefit the saw at issue in his third party products liability action. The inability to make out a duty on the part of SPN is fatal to Murphy's claim against it. The trial court's granting of SPN's motion to dismiss is therefore affirmed.

HOFFMAN and RUCKER, P.JJ., concur.