[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 26, 1996
I. FACTS
On August 20, 1995, Regency Coachworks, Inc. ("Regency") leased a 1991 Geo Prizm to Donna MacLauchlin. On August 25, 1992, while driving the vehicle, MacLauchlin allegedly suffered injuries when the transmission suddenly locked. The vehicle was manufactured by New United Motor Manufacturing, Inc. ("NUMMI") and distributed by General Motors, Inc. ("GM").
Subsequent to the accident, Regency towed the vehicle to Stanley Parker Chevrolet ("Stanley Parker"), a "certified service manager dealership."
Thereafter, following procedures outlined in a dealer's manual, Stanley Parker discarded the transmission of the vehicle which allegedly caused the plaintiff s injuries after allowing a period of thirty days to elapse.
On October 3, 1995, Regency filed a six-count complaint against GM, NUMMI, and Stanley Parker. Counts One, Three, and Five respectively allege claims for negligent spoliation of evidence against GM, NUMMI, and Stanley Parker. Counts Two, Four, and Six respectively allege claims for intentional spoliation of evidence against GM, NUMMI, and Stanley Parker.
Each of the three defendants has filed a motion to strike the respective counts directed against it on the ground that Connecticut does not recognize a cause of action for either negligent spoliation of evidence or intentional spoliation of evidence.
 I.
No higher court decision in Connecticut has addressed the issue of whether to recognize a cause of action, either intentional or negligent, for spoliation of evidence.
The recent Supreme Court decision in Beers v. Bayliner MarineCorp., 236 Conn. 769 (1996), declined to sustain a summary judgment against a plaintiff, in a products liability case because of his intentional spoliation of evidence (a motorboat). The court adopted instead "the rule of the majority of the jurisdictions that have addressed the issue in a civil context which is that the trier of fact may draw an inference from the intentional spoliation of evidence that the destroyed evidence CT Page 5047 would have been unfavorable to the party that destroyed it." Id.
775. The issue of spoliation as a cause of action was not before the court.
In Reilly v. D'Errico, Superior Court Judicial District of New Haven, 12 CONN. L. RPTR. 457 (September 22, 1994) (Hartmere, J.), the court set out the elements of the torts of intentional and negligent spoliation of evidence but went on to hold that "Connecticut law does not recognize a cause of action for tortious inference with a civil action by spoliation of evidence." The court listed the following reasons for declining to recognize the existence of the tort:
(1) a remedy for discovery violations already exists;
(2) the tort is inherently speculative in nature; and
 (3) the policy of finality of judgments and judicial economy would be violated.
 II.
Twenty-three states have addressed the issue of whether to recognize a cause of action for spoliation of evidence. Of these states, two, California and Ohio, have chosen to recognize a cause of action for both intentional spoliation of evidence and negligent spoliation of evidence. California recognized intentional spoliation of evidence in Smith v. Superior Court forthe County of Los Angeles, 151 Cal.App.3d 491, 198 Cal.Rptr. 829
(1984), and negligent spoliation of evidence in Velasco v.Commercial Building Maintenance Company, 215 Cal.Rptr. 504
(1985), and Ohio recognized both causes of action in Smith v.Howard Johnson Co., 67 Ohio St.3d 28, 615 N.E.2d 1037 (1993). Out of the remaining twenty-one states, three have chosen to recognize a cause of action only for intentional spoliation of evidence: Alaska, Hazen v. Municipality of Anchorage, 718 P.2d 456
(Alaska 1986); New Jersey, Hirsch v. General MotorsCorporation, 266 N.J. Super. 222, 628 A.2d 1108 (1993); and New Mexico, Coleman v. Eddy Potash, 905 P.2d 185 (N.M. 1995). Out of the remaining eighteen states, one, Florida, has chosen to recognize a cause of action only for negligent spoliation of evidence in Bondu v. Guruich, 473 So.2d 1307, 1312 (Fla.App. 3 Dist. 1984).
The remaining seventeen states have either declined to CT Page 5048 recognize or have not chosen to recognize a cause of action for spoliation of evidence: Alabama, Christian v. Kenneth ChandlerConstruction Co., 658 So.2d 408 (Ala. 1995); Arizona, La Raia v.Superior Court, 150 Ariz. 118, 722 P.2d 286 (1986); Arkansas,Wilson v. Beloit Corp., 921 F.2d 765 (8th Cir. 1990); Connecticut, Reilly v. D'Errico, supra, 12 CONN. L. RPTR. 457; Georgia, Gardner v. Blackston, 185 Ga. App. 754, 365 S.E.2d 545
(1988); Idaho, Murray v. Farmers Insurance Co., 118 Idaho 224,796 P.2d 101 (1990); Illinois, Petrik v. Monarch Printing,150 Ill. App.3d 248, 501 N.E.2d 1312 (1986); Indiana, Murphy v. TargetProducts, 580 N.E.2d 687 (Ind.App. 3 Dist. 1991); Kansas, Koplinv. Rosel Well Perforators, Inc., 241 Kan. 206, 734 P.2d 1177
(1987); Louisiana, Edwards v. Louisville Ladder Co., 796 F. Sup. 966
(W.D.La. 1992); Maryland, Miller v. Montgomery County,64 Md. App. 202, 494 A.2d 761, cert. denied, 304 Md. 299,498 A.2d 1185 (1985); Michigan, Panich v. Iron Wood Products,179 Mich. App. 136, 445 N.W.2d 795 (1989); Minnesota, Federated Mutualv. Litchfield Precision Components, Inc., 456 N.W.2d 434 (Minn. 1990); Missouri, Baugher v. Gates Rubber, 863 S.W.2d 905 (Mo.App. E.D. 1993); New York, Weigl v. Quincy Specialties, 158 Misc.2d 753,601 N.Y.S.2d 774 (1993); Pennsylvania, Olson v. Grutza,428 Pa. Super. 378, 631 A.2d 191 (1993); and Texas, Brewer v. Dowling,862 S.W.2d 156 (Tex.App. Fort Worth 1993).
We have examined the California decision of Smith v. SuperiorCourt for the County of Los Angeles, 151 Cal.App.3d 491, cited by the plaintiff. That decision relied greatly on the analogy between the fact situation presented and the tort of intentional inference with business advantage already recognized in California. That court in validating the tort of intentional spoliation of evidence nevertheless recognized the cogency of the policy reasons against it, summarized in Reilly v. D'Errico,supra, and enumerated in the majority of the state decisions refusing to recognize the tort.
Having found no supporting authority in Connecticut or the argument for validation of the tort to be persuasive, we decline to recognize the validity of the cause of action for spoliation of evidence.
Defendants' Motions to Strike are granted.
WAGNER, J. CT Page 5049
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 5052